FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 09 2011

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

JONESBORO DIVISION

| | | |
|---|---|---|
| BILLY SMITH | | PLAINTIFF |
| vs. | Case No. 3:09 – CV – 00027-JLH | |
| MARINE TERMINALS OF ARKANSAS | | DEFENDANT |
| and | | |
| AMERICAN HOME ASSURANCE COMPANY | | INTERVENOR |

## ORDER

Before the Court is a Motion to Determine Set Aside Amount, filed on behalf of plaintiff, Billy Smith, and joined by defendant, Marine Terminals of Arkansas, and intervenor, American Home Assurance Company. In his motion, plaintiff asks the court to confirm and/or determine a reasonable allocation representing the future cost of medical treatment causally related to injuries sustained in plaintiff's accident of April 14, 2006 that would also be covered by Medicare, commonly referred to as the "Medicare Set Aside" ("MSA"). Because Billy Smith is a current recipient of Social Security Disability benefits, he is currently Medicare eligible and the parties must reasonably consider and protect Medicare's interests consistent with the Medicare Secondary Payor Act, 42 U.S.C. § 1395y.

Billy Smith sued Marine Terminals of Arkansas, Inc. for damages associated with a permanent and disabling injury to his right hand while working as a truck driver aboard a floating barge owned and operated by his employer. The accident occurred on April 14, 2006 when a co-worker of Smith closed a crane bucket on Smith's right hand during an operation underway in which Smith was assisting. Smith originally asserted entitlement to recovery under

1

the Jones Act and general maritime law for alleged negligence of his employer and alleged unseaworthiness of the barge. Those claims were dismissed by the Court on defendant's Motion for Summary Judgment which was granted in part by this Court on November 17, 2010 dismissing all claims based upon Smith's alleged status as a seaman. Smith had also filed an alternative claim based on vessel negligence preserved to him by Section 9056(b) of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et. seq.*, which claim survived summary judgment.

Smith contends that Marine Terminals of Arkansas ("MTA") was negligent in failing to provide him a safe place to work and failing to properly conduct, supervise, direct and/or control the operation being conducted at the time of the injury. Plaintiff also contends that as a result of the accident he sustained severe and permanently disabling injuries to his right hand, emotional and mental pain, anguish and distress, loss of past and future wages and wage earning capacity, disfigurement and past and future medical expenses.

Following the accident, Smith was taken to the local Emergency Room in a personal vehicle but was promptly transferred to the Barnes Jewish Hospital in St. Louis where he was treated primarily by Dr. Charles Goldfarb, orthopedist. Smith underwent approximately five surgeries on his right hand which had been crushed in the accident. He has also undergone a carpal tunnel surgery on the right hand. After discharge from Dr. Goldfarb, he underwent extensive physical therapy at Southern Hand Center. Plaintiff also treated with mental practitioners after the accident for post traumatic stress.

Smith received weekly compensation benefits and medical expenses for a time under the LHWCA paid by the intervening workers' compensation carrier, American Home Assurance Company. Benefits were terminated effective March 17, 2009, at about the time Billy Smith

filed suit asserting that he was a Jones Act seaman. The LHWCA and Jones Act are mutually exclusive remedies. Following the accident of April 14, 2006 and through March 17, 2009, American Home paid a total of $265,423.27 in total benefits allocated as follows: $51,976.40 in weekly compensation benefits and $213,447.07 in medical benefits.

The parties reached a settlement agreement following a day-long court-ordered settlement conference in which all parties were represented by counsel and presided over by Honorable H. David Young, Magistrate Judge, on February 23, 2011. Under the terms of that settlement agreement, Billy Smith agreed to compromise and discharge all claims against defendant asserted in the liability suit and all claims under the LHWCA against the employer and intervening workers' compensation carrier in exchange for a total payment by the parties released of $1,000,000.00. In addition to the aforementioned payments, the parties agreed to the following as conditions to the settlement:

1. American Home was to waive its entire lien of $265,423.47 on past benefits paid under the LHWCA;

2. In order to consider and protect Medicare's interest in the settlement, plaintiff, through his counsel, was to retain the Garretson Resolution Group to determine a Medicare Set Aside amount and seek submission with the Center for Medicare and Medicaid Services ("CMS") for approval;

3. The parties agreed that the settlement required approval of a Medicare Set Aside and that plaintiff would self-administer the required MSA funds from the proceeds of the settlement consistent with CMS guidelines and requirements;

4. The overall settlement was also conditioned upon obtaining USDOL approval by the District Director of the settlement of the underlying LHWCA claim following approval of the MSA pursuant to Section 908(i) of the LHWCA; and

5. The two involved carriers would mutually release all potential claims between them.

The general terms and conditions of the settlement were placed upon the court record following the successful settlement conference on February 23, 2011.

Following the settlement agreement, plaintiff through his counsel, did in fact retain the Garretson Resolution Group, a professional and experienced Medicare vendor, to determine a proposed Medicare Set Aside allocation and to submit the MSA to CMS for consideration of settlement. The Garretson Resolution Group's Workers' Compensation Medicare Set Aside Arrangement Analysis And Report are attached as Exhibit 1 to this Order. In that report, the Garretson Resolution Group determined that $14,647.00 was a reasonable allocation to cover the projected lifetime cost for medical care that was expected to be incurred by Billy Smith for treatment of accident-related injuries that would otherwise be covered by Medicare. The court has reviewed the comprehensive and detailed analysis by the Garretson Resolution Group supporting its determination of this MSA. Although it is not necessary to repeat all the details in that report, the court has thoroughly reviewed it and notes the following.

Dr. Goldfarb determined that Billy Smith reached maximum medical improvement with respect to objective injuries to his right hand by March 21, 2007 after Smith had undergone a Functional Capacity Evaluation which indicated that he had no functional grip in his right hand but could grasp light small items given the limited use of his right thumb and fingers on his right

hand. There is more of a dispute with respect to the psychiatric treatment. Smith had been treating regularly with Dr. Margaret Singleton and Dr. David Erby who had diagnosed post-traumatic stress disorder. Pursuant to that treatment, Smith was taking several medications. The defendant had Smith examined by Dr. Wayne Stillings, psychiatrist, who concluded that although claimant had developed PTSD following the accident of April 14, 2006, as of February 19, 2008, it was Dr. Stillings's opinion that claimant no longer needed psychiatric treatment that was causally related to the April 14, 2006 work accident. Furthermore, it was Dr. Stillings's opinion that Smith was able to return to work within the restriction that he is unable to work in the proximity of a crane.

Dr. Erby had likewise indicated that Smith could return to work as long as he was not working on or near a crane.

From early 2009 through the present time, Smith has treated only with his cardiologist, Dr. Shalender Mittal, primarily for non-accident related conditions. Smith has not received any treatment since approximately January 2009 for work-related injuries. Based upon a review of these records and proceedings in this matter as well as the submissions of counsel it is apparent that had this case proceeded to trial, it would have been necessary for the fact-finder to consider and resolve disputed issues involving claimant's credibility, ability to work, necessity of future medical treatment and causation of future medical treatment, the outcome of which would require the weighing and balancing of medical evidence touching upon all of these issues, which is in significant conflict.

As agreed by the parties as a condition of settlement, the Garretson Resolution Group did in fact determine the MSA and submitted it to CMS for review and consideration on March 17, 2011.

The Court has also reviewed and considered the Affidavit of John V. Cattie, Jr., Esq., an attorney and Lead Consultant with the Garretson Resolution Group, dated July 6, 2011, and attached as Exhibit 2. In his affidavit, Mr. Cattie details conversations and correspondence he had with CMS representatives pursuant to the Garretson Resolution Group's effort to supply CMS with information requested and to obtain a response regarding the MSA. CMS ultimately decided not to review the MSA submission in the context of the settlement citing workload threshold. However, the workload threshold mentioned in Mr. Walters's letter is $25,000.00 and clearly the settlement amount of $1,000,000.00 significantly exceeds that threshold. It is apparent to the Court from the aforereferenced CMS correspondence and affidavit from attorney Cattie that regardless of the details and potential deficiencies in the original submission, that CMS has decided it will not, for whatever reason, review or reconsider the proposed MSA, which response or lack thereof potentially jeopardizes what otherwise appears to be a reasonable settlement in the best interests of Billy Smith to accept and complete.

Based upon the records and proceedings of this matter and the stipulations and submissions of counsel, the court makes the following findings of fact:

1. Billy Smith's date of birth is March 19, 1960. He is currently receiving Social Security Disability benefits such that he is currently eligible for Medicare benefits;

2. Billy Smith is a covered employee under the LHWCA and can pursue a claim under the general maritime law preserved to him under Section 905(b) of the LHWCA against his employer in his employer's capacity as a vessel owner. However, to recover, Billy Smith must show that the negligence which caused his accident of April 14, 2006 emanated from the

vessel or vessel operations of his employer. Should he recover, he would be entitled to pecuniary damages for his economic losses and past incurred economic expenses as well as past and future medical expenses. The precise amount of future medical expenses cannot be determined with certainty and always involves some speculation.

3. Considering all the facts and circumstances of this case, including the liability and medical causation issues that are in significant dispute, in particular associated with future economic and medical damages; the parties' agreement to settle this case for a total payment of $1,000,000.00, with a full waiver of the workers' compensation lien on benefits of $265,423.27, as well as the other conditions associated with the settlement; represent a reasonable compromise to avoid the uncertainty and expense should the case proceed to trial.

4. Billy Smith is obligated to reimburse Medicare for all conditional payments made by Medicare to date, for medical expenses incurred by Smith. Smith has represented that Medicare has made no conditional payments in this case. Likewise, Billy Smith is obligated to self-administer those funds set aside in his Medicare Set Aside account and to administer those funds in compliance with CMS/Medicare guidelines.

5. In recognition of the joint responsibility of the parties to consider and protect Medicare's interest in a settlement like this one which compromises and discharges employee's claims for future medical expenses against a liability defendant, in this case claimant's employer,

        Marine Terminals of Arkansas, and which disposes of his potential medical claims under the LHWCA, it was reasonable for the plaintiff to retain the Garretson Resolution Group to provide a professional analysis and determination of the projected Medicare Set Aside allocation. The court finds that the Garretson Resolution Group's determination of the MSA of $14,647.00 and the supporting rational are reasonable. Specifically, the court finds that $14,647.00 is a reasonable estimate and determination of the future expected medical treatment that Billy Smith will require resulting from his accident-related injuries that would otherwise be covered by Medicare.

6. There is no evidence that Billy Smith or any other party is attempting to shift the responsibility for payment of such future medical expenses for the treatment of work-related conditions and injuries to the federal government or to Medicare. On the contrary, the parties have done all that is reasonable and prudent and within their ability and authority to do to protect Medicare's potential interest in this settlement.

7. The court finds that CMS has failed to consider and approve the Garretson Resolution Group's competent MSA determination of $14,647.00.

Based upon the foregoing findings of fact, the undersigned makes the following conclusions of law:

1. The parties shall and have reasonably considered and protected Medicare's interest in the settlement of this matter.

2. Medicare is a secondary payor under the Medicare secondary payor program, to the extent that there are Medicare covered expenses incurred by Billy Smith, in the past or in the future, arising out of the accident and injuries alleged in this lawsuit.

3. Billy Smith is obligated to reimburse Medicare all conditional payments made prior to the time of the settlement, and for all medical expenses submitted to Medicare prior to the date of this Order, even if such conditional payments are asserted by Medicare subsequent to the effective date of this Order.

4. The findings of fact support the conclusion that Billy Smith is currently Medicare eligible and therefore considered a Medicare beneficiary. The sum of $14,647.00 as a Medicare Set Aside, as determined by the Garretson Resolution Group is approved by this court to be set aside by Billy Smith out of the settlement proceeds for future medical expenses associated with treatment required for physical and mental injuries sustained in the accident of April 14, 2006, fairly and reasonably takes Medicare's interest into account, and as such, Billy Smith should set aside this amount to protect Medicare's interests as a secondary payor for future medical expenses arising out of the injuries alleged in his lawsuit.

Based upon the foregoing conclusions of law, the court enters the following Order:

IT IS HEREBY ORDERED that:

1. Upon Billy Smith and/or the Garretson Resolution Group receiving confirmation for Medicare/CMS of any conditional payments made by

Medicare for medical services provided prior to the date of this order, Billy Smith shall promptly reimburse Medicare for such conditional payments.

2. Billy Smith shall set aside the full amount of $14,647.00 from his settlement proceeds in an account separate from any other checking or savings accounts for the exclusive payment of future medical expenses incurred for treatment of injuries sustained in his accident of April 14, 2006 which would otherwise be paid or payable by Medicare.

3. Billy Smith shall comply with the guidelines and procedures of the Center for Medicare and Medicaid Services for self-administering his MSA account in the amount of $14,647.00.

4. All of the parties hereto may rely upon the Court's acceptance of the MSA at $14,647.00 and shall proceed accordingly with the completion of the settlement process consistent with the conditions and terms of the settlement agreement reached on February 23, 2011.

5. The Motion To Determine Medicare Set Aside amount is granted.

6. The case is hereby re-closed.

SO ORDERED this 9th day of August, 2011 in Little Rock, Arkansas.

_____
HONORABLE J. LEON HOLMES
UNITED STATES DISTRICT JUDGE